Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9188 | **DATE** | 3/29/2004 |
| **CASE TITLE** | Galarza-Solis vs. Ashcroft, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Petitioner Galarza-Solis' petition for writ of habeas corpus [1-1] is denied. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 7 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/29/2004 | |
| | | | date mailed notice | |
| rh | courtroom deputy's initials | | rs | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERPETUO GALARZA-SOLIS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOHN ASHCROFT, et al., ) <br> ) <br> Respondents. ) | Hon. Blanche M. Manning <br><br> 03 C 9188 |

## MEMORANDUM AND ORDER

Petitioner Perpetuo Galarza-Solis ("Solis") brought this Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2241, seeking release from custody while awaiting appeal of an immigration judge's termination of removal proceedings against him. For the reasons that follow, the petition [1-1] is DENIED.

Solis contends that the regulation under which he is currently being detained, 8 C.F.R. § 1003.19(i)(2), is unconstitutional. Before addressing this contention, however, the Court will briefly address the legal framework governing the detention of resident aliens during deportation proceedings.

Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General is required to detain deportable aliens who have been "convicted" of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), or of violating a state law relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i). See also Denmore v. Kim, 538 U.S. 510, 123 S. Ct. 1708, 1714 (2003); Gonzalez v. O'Connell, 355 F.3d 1010, 1013 (7th Cir. 2004). Although section 1226(c) does not provide for bail, once the alien is detained, he may "immediately" move for a "Joseph hearing" to determine if he falls within

section 1226(c). Demore 123 S. Ct. at 1712. See also 8 C.F.R. § 1003.19(h)(1)(ii) (providing that an alien may seek a "determination by an immigration judge that the alien is not properly included" within § 1226(c)); In re Joseph, 22 I. & N. Dec. 799, 1999 BIA LEXIS 25, at *14 (BIA 1999) (finding that an alien should be provided "the opportunity to offer evidence and legal authority on the question of whether the Service has properly included him within a category that is subject to mandatory detention").

"At the [Joseph] hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Demore, 123 S.Ct. at 1712 n. 3. In determining whether the alien falls within section 1226(c), the immigration judge "must necessarily look forward to what is likely to be shown during the hearing on the underlying removal case." In re Joseph, 999 BIA LEXIS 25, at *20. The immigration judge's ultimate decision "may be based upon any information that is available . . . or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d). If the court determines the alien does fall within section 1226(c), then it is without authority to conduct an individualized bond determination. See 8 C.F.R. § 1003.19(h)(1)(i)(E). If, however, "the court determines the alien does not fall within subsection (c), then it may consider the question of bond." Gonzalez, 355 F.3d at 1013. See also In re Joseph, 999 BIA LEXIS 25, at *16 ("A determination in favor of an alien . . . . allows an [judge] to consider the question of bond ").

If the immigration judge grants bond, the government may immediately file an EOIR-43, Notice of INS to Appeal Custody Redetermination ("Notice of Appeal"), which pursuant to 8

C.F.R. § 1003.19(i)(2), automatically stays the immigration judge's release order, requiring the resident alien to remain in custody pending appeal.[1]

Here, Solis, a citizen of Mexico, has lived in the United States since 1981 and has been a lawful permanent resident since 1990. In September of 2002, Solis pled guilty to two felony drug charges in Illinois state court and was sentenced to four years incarceration. Solis, however, filed a timely motion to vacate his plea. After the denial of his motion to vacate, Solis filed a timely appeal.

A year after his guilty plea, in September of 2003, the Government instituted removal proceedings against Solis, seeking to deport him based on his drug convictions. At his Joseph hearing, the immigration judge terminated the removal proceedings because he found that Solis' convictions were on appeal and therefore, not "final" and could "not be used to seek his deportation at this time."

After termination of the removal proceedings, the immigration judge conducted a hearing on Solis' request for release from custody. On November 25, 2003, after hearing evidence from both sides, the immigration judge ordered Solis to be released on a $5,000 bond. Immediately thereafter, the Government filed a Notice of Appeal. Pursuant to 8 C.F.R. § 1003.19(i)(2), this

---

[1] Section 1003.19(i)(2) provides that:

[i]n any case in which the district director has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon the Service's filing of a Notice of Service Intent to Appeal Custody Redetermination (Form EOIR-43) with the immigration court within one business day of the issuance of the order, and shall remain in abeyance pending decision of the appeal by the Board of Immigration Appeals. The stay shall lapse if the Service fails to file a notice of appeal with the Board in accordance with § 1003.38 within ten business days of the issuance of the order of the immigration judge. If the Board authorizes release (on bond or otherwise), that order shall be automatically stayed for five business days. If, within that five-day period, the Commissioner certifies the Board's custody order to the Attorney General pursuant to § 1003.1(h)(1) of this chapter, the Board's order shall continue to be stayed pending the decision of the Attorney General.

3

filing automatically stayed the immigration judge's release order and resulted in Solis being detained until the Government's appeal is decided.

Solis now comes before this Court seeking his release based on the grounds that 8 C.F.R. § 1003.19(i)(2) violates the Due Process Clause of the Constitution. In support of this contention, Solis cites to several district court decisions, outside of this district, which have held that section 1003.19(i)(2) violates due process. See Ashley v. Ridge, 288 F. Supp. 2d 662, 668-75 (D. N.J. 2003); Uritsky v. Ridge, 286 F. Supp. 2d 842, 846-47 (E.D. Mich. 2003); Bezmen v. Ashcroft, 245 F. Supp. 446, 450-51 (D. Conn. 2003); Almonte-Vargas v. Elwood, 2002 WL 1471555, at *2-5 (E.D. Pa. June 28, 2002). In response, the Government contends that these decisions are not controlling under the Supreme Court's decision in Denmore, 123 S. Ct. at 1722 and the Seventh Circuit's recent decision in Montenegro v. Ashcroft, 355 F.3d 1035, 1037-38 (7th Cir. 2003).

After carefully reviewing all of the above decisions, this Court finds that the district court cases, holding section 1003.19(i)(2) unconstitutional, are not applicable to this case. First, both Bezmen and Almonte-Vargas, which were decided before the Supreme Court's decision in Denmore, based their holdings on circuit court decisions which held that mandatory detention under section 1226(c) was unconstitutional. See Bezmen, 245 F. Supp. at 451 (in holding section 1003.19(i)(2)'s automatic stay provision unconstitutional, the court found that this "kind of detention analogizes closely to the mandatory detention . . . mandated by 8 U.S.C. § 1226(c), which many courts have found to exceed permissible constitutional limits"); Almonte-Vargas, 2002 WL 1471555, at *5 (finding that detention under section 1003.19(i)(2)'s automatic stay provision "suffers from the same constitutional infirmities as mandatory detention under §

4

1226(c)"). After Demore, however, the circuit court cases relied on by Bezmen and Almonte-Vargas are no longer good law because the Supreme Court in Demore, 123 S. Ct. at 1722, held that mandatory detention under section 1226(c) was "constitutionally permissible." Therefore, because Bezmen and Almonte-Vargas hinged on circuit decisions which are no longer good law, this Court finds them unpersuasive.

The Court next turns its attention to Ashley and Uritsky, which were decided after Demore but found that section 1003.19(i)(2) was nevertheless unconstitutional. This Court, however, does not need to decide if section 1003.19(i)(2) is constitutional under these holdings because it finds Ashley and Uritsky are factually distinguishable from the instant action.

The petitioner in Uritsky, 286 F. Supp. 2d at 843, was charged with third degree criminal sexual assault when he was 17 years old. The state court, however, did not enter a "judgment of conviction." Id. Instead, the court assigned him "to Youthful Trainee Status." At his removal hearing, the immigration judge held that the petitioner did not fall within the scope of section 1226(c) because "assignment to Youthful Trainee Status did not constitute a conviction for immigration purposes." Id. Because there was no "conviction," and thus no mandatory detention under section 1226(c), the immigration judge ordered petitioner's release on bond.[2] Id.

Here, similar to Ashley and Uritsky the immigration judge found that Solis did not fall within the scope of section 1226(c) because he found that Solis' convictions were on appeal and therefore, not "final" and could "not be used to seek his deportation at this time." Because

---

[2] In Ashley, 288 F. Supp. 2d at 664, the petitioner was charged under state law with endangering the welfare of a child and sentenced to probation. The district court's opinion, however, is unclear as to what grounds the immigration judge found petitioner to be outside the scope of section 1226(c), and thus was eligible for bond.

5

section 1226(c)'s mandatory detention was not applicable, the immigration judge then considered the question of bond as permitted under Gonzalez, 355 F.3d at 1013 and In re Joseph, 999 BIA LEXIS 25, at *16. Under Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2003), however, this Court finds that the immigration judge erred in finding that Solis' conviction was not final because it was on appeal, and therefore, the immigration judge should not have even considered the issue of bond because Solis was within the scope of section 1226(c)'s mandatory detention provision.[3]

In Montenegro, 355 F.3d at 1036, the petitioner, a resident alien, filed a section 2241 petition contesting the immigration court's finding that he be deported based on a felony drug conviction. The petitioner contended that deportation was improper at that time because he was "still challenging" his criminal conviction on appeal. Rejecting this contention, the Seventh Circuit, per curiam, held that the Illegal Immigration Reform and Immigrant Responsibility Act "eliminated the finality requirement for a conviction." Id. at 1037. In reaching this holding, the Seventh Circuit relied on 8 U.S.C. § 1101(a)(48)(A), which defines "the term conviction, with respect to an alien, [as] a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where – (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty...." Therefore, the court held that the petitioner's conviction, despite the pending appeal, "rendered him removable." Id. at 1037-38.

Accordingly, following Montenegro, this Court finds that regardless of his pending appeal, Solis' conviction put him within the scope of section 1226(c)'s mandatory detention

---

[3] The Court notes that Montenegro was decided a month after the immigration judge held that Solis' guilty plea was not final for purposes of deportation.

provision, and thus, the immigration judge should not have even considered the issue of bond.

This Court thus DENIES Solis' Petition for Writ of Habeas Corpus.[4]

## CONCLUSION

For the reasons above, this Court DENIES Petitioner Perpetuo Galarza-Solis' Petition for Writ of Habeas Corpus [1-1]. It is so ordered.

ENTER

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 3/24/04

---

[4] Solis' contends that <u>Montenegro</u> was wrongly decided because it results in deportation before the alien has a chance to fully appeal the criminal conviction resulting in the deportation. While this Court feels that this result is certainly unfair, the Seventh Circuit dictates our decision in this case.

7